CILENTI & COOPER, PLLC
Justin Cilenti (GC2321)
Peter H. Cooper (PHC4714)
10 Grand Central
155 East 44th Street – 6th Floor
New York, NY 10017
T. (212) 209-3933
F. (212) 209-7102
info@jcpclaw.com
*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------X

| | | |
|---|---|---|
| MISAEL CRUZ SANTOS, JUAN MUNOZ, BRAULIO REYES RAMIREZ, and JOSE PRIEGO, on behalf of themselves and others similarly situated, | : : : : | Case No. 19-CV-5335 |
| Plaintiffs, | : : | **FLSA COLLECTIVE ACTION and RULE** |
| -against- | : : | **23 CLASS ACTION COMPLAINT** |
| WHOLESOME FACTORY INC., DERHIM N. NASSER, and JI MIN KIM, | : : : | **Jury Trial Demanded** |
| Defendants. | : | |

------------------------------------------------------------------------X

Plaintiffs MISAEL CRUZ SANTOS, JUAN MUNOZ, BRAULIO REYES

RAMIREZ, and JOSE PRIEGO (hereinafter, "Plaintiffs"), on behalf of themselves and

other similarly situated employees, by and through their undersigned attorneys, Cilenti &

Cooper, PLLC, file this Complaint against defendants WHOLESOME FACTORY INC.

("WHOLESOME FACTORY"), DERHIM N. NASSER, and JI MIN KIM (collectively,

the "Individual Defendants") (WHOLESOME FACTORY and the Individual Defendants

are collectively referred to as the "Defendants"), and state as follows:

## INTRODUCTION

1.     Plaintiffs allege that, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), they are entitled to recover from Defendants: (a) unpaid overtime compensation, (b) liquidated damages, (c) prejudgment and post-judgment interest, and (d) attorneys' fees and costs.

2.     Plaintiffs further allege that, pursuant to the New York Labor Law, they are entitled to recover from Defendants: (a) unpaid overtime compensation, (b) unpaid "spread of hour" premiums for each day that their shift exceeded ten (10) hours, (c) liquidated and statutory damages pursuant to the New York Labor Law and the New York State Wage Theft Prevention Act, (d) prejudgment and post-judgment interest, and (e) attorneys' fees and costs.

## JURISDICTION AND VENUE

3.     This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b), 28 U.S.C. §§ 1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.

4.     Venue is proper in the Southern District pursuant to 28 U.S.C. § 1391 because the conduct making up the basis of the complaint took place in this judicial district.

## PARTIES

5.     Plaintiffs MISAEL CRUZ SANTOS and BRAULIO REYES RAMIREZ, are each residents of New York County, New York.

6.     Plaintiff, JUAN MUNOZ, is a resident of Kings County, New York.

7.     Plaintiff, JOSE PRIEGO, is a resident of Queens County, New York.

8.     Defendant, WHOLESOME FACTORY, is a domestic business corporation organized under the laws of the State of New York, which had a principal place of business at 530 Main Street, New York, New York 10044.

9.     Defendant, WHOLESOME FACTORY, owns and operates a grocery market and restaurant located at 530 Main Street, New York, New York 10044 (the "Restaurant").

10.    The Individual Defendants are joint officers, owners, shareholders, directors, supervisors, managing agents, and proprietors of WHOLESOME FACTORY, who actively participat in the day-to-day operations of the Restaurant and acted intentionally and maliciously and are employers pursuant to the FLSA, 29 U.S.C. § 203(d) and Regulations promulgated thereunder, 29 C.F.R. § 791.2, as well as New York Labor Law § 2 and the Regulations thereunder, and is jointly and severally liable with WHOLESOME FACTORY.

11.    The Individual Defendants exercise control over the terms and conditions of their employees' employment in that they have the power to: (i) hire and fire employees, (ii) determine rates and methods of pay, (iii) determine work schedules, (iv) supervise and control the work of the employees, and (v) create and maintain employment records.

12.    The Individual Defendants are present on the premises of the Restaurant on a daily basis, actively supervise the work of the employees, and mandate that all issues concerning the employees' employment – including hours worked and pay received – be authorized and approved by them.

13.     Upon information and belief, at least within each of the three (3) most recent years relevant to the allegations contained herein, WHOLESOME FACTORY was and continues to be, an "enterprise engaged in commerce" within the meaning of the FLSA in that it (i) has and has had employees engaged in commerce or in the production of goods for commerce, or that handle, sell, or otherwise work on goods or materials that have been moved in or produced for commerce, and (ii) has and has had an annual gross volume of sales of not less than $500,000.

14.     Defendants employed Plaintiff, MISAEL CRUZ SANTOS, from in or about June 2017 until on or about April 14, 2019 to work as a non-exempt cook at the Restaurant.

15.     Defendants employed Plaintiff, JUAN MUNOZ, from on or about August 16, 2016 until on or about March 12, 2019 to work as a non-exempt cook at the Restaurant.

16.     Defendants employed Plaintiff, BRAULIO REYES RAMIREZ, from on or about November 23, 2012 until on or about April 17, 2019 to work as a non-exempt food preparer/kitchen helper, stock person, and porter at the Restaurant.

17.     Defendants employed Plaintiff, JOSE PRIEGO, from in or about July 2015 until on or about April 17, 2019 to work as a non-exempt food preparer/kitchen helper, produce handler/packer, and stock person.

18.     The work performed by Plaintiffs was and is directly essential to the business operated by Defendants.

4

19.     Defendants knowingly and willfully failed to pay Plaintiffs their lawfully earned overtime compensation in direct contravention of the FLSA and New York Labor Law.

20.     Defendants knowingly and willfully failed to pay Plaintiffs their lawfully earned "spread of hour" premiums in direct contravention of the New York Labor Law.

21.     Plaintiffs have satisfied all conditions precedent to the institution of this action, or such conditions have been waived.

## STATEMENT OF FACTS

22.     The Individual Defendants actively participated in the day-to-day operation of the Restaurant.  For instance, the Individual Defendants personally supervise and direct the work of the employees, instruct the employees how to perform their jobs, and correct the employees for errors made.

23.     The Individual Defendants create and implement all crucial business policies, and make decisions concerning the number of hours the employees work, the amount of pay that the employees are entitled to receive, and the manner and method by which the employees were to be paid.

24.     In or about June 2017, Defendants hired Plaintiff, MISAEL CRUZ SANTOS (a/k/a "Santos"), to work as a non-exempt cook at the Restaurant.

25.     Neither at the time of his hire nor anytime thereafter did Defendants provide Plaintiff with a written wage notice setting forth his regular hourly rate of pay and his corresponding overtime rate of pay.

26.     Plaintiff continued to work in that capacity for Defendants until on or about April 14, 2019.

27.     Throughout the entirety of his employment, Plaintiff worked six (6) days per week and, although his work shift fluctuated slightly, he normally worked eleven (11) hours per day Monday through Thursday from 6:00 a.m. until 5:00 p.m.; nine (9) hours on Saturday from 6:30 a.m. until 3:30 p.m.; and six (6) hours on Sunday from 7:00 a.m. until 1:00 p.m.

28.     Plaintiff was always required to punch a time clock or other time-recording device at the start and end of his work shift.

29.     From the beginning of his employment and continuing through in or about December 2017, Plaintiff was not paid proper overtime compensation. During this period, Plaintiff was paid, in cash, at the rate of $680 per week straight time for all hours worked, and worked fifty-nine (59) hours per week. Work performed above forty (40) hours per week was not paid at the statutory rate of time and one-half as required by state and federal law.

30.     Beginning in or about January 2018 and continuing through in or about September 2018, Plaintiff was not paid proper overtime compensation. During this period, Plaintiff was paid, in cash, at the rate of $700 per week straight time for all hours worked, and worked fifty-nine (59) hours per week. Work performed above forty (40) hours per week was not paid at the statutory rate of time and one-half as required by state and federal law.

31.     Beginning in or about October 2018 and continuing through the remainder of his employment on or about April 14, 2019, Plaintiff was not paid proper overtime compensation. During this period, Plaintiff was paid, in cash, at the rate of $730 per week straight time for all hours worked, and worked fifty-nine (59) hours per week.

Work performed above forty (40) hours per week was not paid at the statutory rate of time and one-half as required by state and federal law.

32.    Upon paying Plaintiff his cash wages, Defendants failed to provide Plaintiff with written a wage statement during each pay period, which set forth his gross wages, deductions, and net wages.

33.    On or about August 16, 2016, Defendants hired Plaintiff, JUAN MUNOZ (a/k/a "Jhony"), to work as a non-exempt cook at the Restaurant.

34.    Neither at the time of his hire nor anytime thereafter did Defendants provide Plaintiff with a written wage notice setting forth his regular hourly rate of pay and his corresponding overtime rate of pay.

35.    Plaintiff continued to work in that capacity for Defendants until on or about March 12, 2019.

36.    Throughout the entirety of his employment, Plaintiff worked five (5) days per week, and his work schedule consisted of nine (9) hours per day Tuesday through Saturday from 6:00 a.m. until 3:00 p.m.

37.    Plaintiff was always required to punch a time clock or other time-recording device at the start and end of his work shift.

38.    From the beginning of his employment and continuing through in or about January 2017, Plaintiff was not paid proper overtime compensation. During this period, Plaintiff was paid, in cash, at the rate of $650 per week straight time for all hours worked, and worked forty-five (45) hours per week. Work performed above forty (40) hours per week was not paid at the statutory rate of time and one-half as required by state and federal law.

39.     Beginning in or about February 2017 and continuing through in or about January 2018, Plaintiff was not paid proper overtime compensation. During this period, Plaintiff was paid, in cash, at the rate of $700 per week straight time for all hours worked, and worked forty-five (45) hours per week. Work performed above forty (40) hours per week was not paid at the statutory rate of time and one-half as required by state and federal law.

40.     Beginning in or about February 2018 and continuing through the remainder of his employment on or about March 12, 2019, Plaintiff was not paid proper overtime compensation. During this period, Plaintiff was paid, in cash, at the rate of $800 per week straight time for all hours worked, and worked forty-five (45) hours per week. Work performed above forty (40) hours per week was not paid at the statutory rate of time and one-half as required by state and federal law.

41.     Upon paying Plaintiff his cash wages, Defendants failed to provide Plaintiff with written a wage statement during each pay period, which set forth his gross wages, deductions, and net wages.

42.     On or about November 23, 2012, Defendants hired Plaintiff, BRAULIO REYES RAMIREZ, to work as a non-exempt food preparer/kitchen helper, stock person, and porter at the Restaurant.

43.     Neither at the time of his hire nor anytime thereafter did Defendants provide Plaintiff with a written wage notice setting forth his regular hourly rate of pay and his corresponding overtime rate of pay.

44.     Plaintiff continued to work in those capacities for Defendants until on or about March 12, 2019.

45.     Throughout the entirety of his employment, Plaintiff worked seven (7) days per week, and his work schedule consisted of eleven (11) hours per day from 8:00 a.m. until 7:00 p.m.

46.     Plaintiff was always required to punch a time clock or other time-recording device at the start and end of his work shift.

47.     From the beginning of the relevant six (6) year limitations period beginning in June 2013 and continuing through in or about December 2013, Plaintiff was not paid proper overtime compensation. During this period, Plaintiff was paid, in cash, at the rate of $836 per week straight time for all hours worked, and worked seventy-seven (77) hours per week. Work performed above forty (40) hours per week was not paid at the statutory rate of time and one-half as required by state and federal law.

48.     Beginning in or about January 2014 and continuing through in or about December 2018, Plaintiff was not paid proper overtime compensation. During this period, Plaintiff was paid, by cash and check, at the rate of $836 per week straight time for all hours worked, and worked seventy-seven (77) hours per week. Work performed above forty (40) hours per week was not paid at the statutory rate of time and one-half as required by state and federal law.

49.     Beginning in or about January 2019 and continuing through the remainder of his employment on or about April 17, 2019, Plaintiff was not paid proper overtime compensation. During this period, Plaintiff was paid, by cash and check, at the rate of $896 per week straight time for all hours worked, and worked seventy-seven (77) hours per week. Work performed above forty (40) hours per week was not paid at the statutory rate of time and one-half as required by state and federal law.

50.     Upon paying Plaintiff his wages, Defendants failed to provide Plaintiff with written a wage statement during each pay period, which set forth his gross wages, deductions, and net wages.

51.     In or about July 2015, Defendants hired Plaintiff, JOSE PRIEGO, to work as a non-exempt food preparer/kitchen helper, produce handler/packer, and stock person at the Restaurant.

52.     Neither at the time of his hire nor anytime thereafter did Defendants provide Plaintiff with a written wage notice setting forth his regular hourly rate of pay and his corresponding overtime rate of pay.

53.     Plaintiff continued to work in those capacities for Defendants until on or about April 17, 2019.

54.     From the beginning of his employment and continuing through in or about December 2018, Plaintiff worked six (6) days per week, and his work schedule consisted of nine (9) hours per day Monday through Saturday from 9:00 a.m. until 6:00 p.m.

55.     Plaintiff was always required to punch a time clock or other time-recording device at the start and end of his work shift.

56.     During this period, Plaintiff was not paid proper overtime compensation. During this period, Plaintiff was paid, in cash, at the rate of $650 per week straight time for all hours worked, and worked fifty-four (54) hours per week.  Work performed above forty (40) hours per week was not paid at the statutory rate of time and one-half as required by state and federal law.

57.     Beginning in or about January 2019 and continuing through the remainder of his employment on or about April 17, 2019, Plaintiff worked six (6) days per week,

and his work schedule consisted of nine (9) hours per day on Monday from 9:00 a.m. until 6:00 p.m.; eight and one-half (8½) hours per day Tuesday through Friday from 9:00 a.m. until 5:30 p.m.; and seven (7) hours on Saturday from 9:00 a.m. until 4:00 p.m.

58.    During this period, Plaintiff was not paid proper overtime compensation. During this period, Plaintiff was paid, by cash and check, at the rate of $710 per week straight time for all hours worked, and worked fifty (50) hours per week.    Work performed above forty (40) hours per week was not paid at the statutory rate of time and one-half as required by state and federal law.

59.    Upon paying Plaintiff his wages, Defendants failed to provide Plaintiff with written a wage statement during each pay period, which set forth his gross wages, deductions, and net wages.

60.    Defendants knowingly and willfully operate their business with a policy of not paying Plaintiffs and other similarly situated employees either the FLSA overtime rate (of time and one-half), or the New York State overtime rate (of time and one-half), in direct violation of the FLSA and New York Labor Law and the supporting federal and New York State Department of Labor Regulations.

61.    Defendants knowingly and willfully operate their business with a policy of not paying Plaintiffs and other similarly situated employees "spread of hour" premiums for each day that their work shift exceeded ten (10) hours, in direct violation of the New York Labor Law and the supporting New York State Department of Labor Regulations.

62.    At all relevant times, upon information and belief, and during the course of Plaintiffs' employment, Defendants failed to maintain accurate and sufficient wage and hour records.

## COLLECTIVE ACTION ALLEGATIONS

63.     Plaintiffs bring this action individually and as class representatives on behalf of themselves and all other current and former non-exempt employees who have been or were employed by Defendants since June 6, 2016 through the end of the opt-in period as ultimately set by the Court (the "Collective Action Period"), and who were compensated at rates less than time and one-half for all hours worked in excess of forty (40) hours per workweek (the "Collective Action Members").

64.     The collective action class is so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, and the facts upon which the calculation of that number are presently within the sole control of the Defendants, upon information and belief, there are more than forty (40) Collective Action Members who worked for the Defendants during the Collective Action Period, most of whom would not be likely to file individual suits because they lack adequate financial resources, access to attorneys, or knowledge of their claims. Therefore, Plaintiffs submit that this matter should be certified as a collective action under the FLSA, 29 U.S.C. § 216(b).

65.     Plaintiffs will fairly and adequately protect the interests of the Collective Action Members and have retained counsel that is experienced and competent in the fields of employment law and class action litigation. Plaintiffs have no interests that are contrary to or in conflict with those members of this collective action.

66.     This action should be certified as a collective action because the prosecution of separate actions by individual members of the class would create a risk of either inconsistent or varying adjudications with respect to individual members of the

12

class, or adjudications with respect to individual members of the class that would as a practical matter be dispositive of the interests of the other members not parties to the adjudication, or substantially impair or impede their ability to protect their interests.

67.     A collective action is superior to other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable. Furthermore, inasmuch as the damages suffered by individual Collective Action Members may be relatively small, the expense and burden of individual litigation make it virtually impossible for the members of the collective action to individually seek redress for the wrongs done to them. There will be no difficulty in the management of this action as a collective action.

68.     Questions of law and fact common to the members of the collective action predominate over questions that may affect only individual members because Defendants have acted on grounds generally applicable to all members.    Among the common questions of law and fact common to Plaintiffs and other Collective Action Members are:

    a.     Whether Defendants employed Plaintiffs and the Collective Action Members within the meaning of the FLSA;

    b.     Whether Defendants failed to keep true and accurate wage and hour records for all hours worked by Plaintiffs and the Collective Action Members;

    c.     What proof of hours worked is sufficient where the employer fails in its duty to maintain time records;

    d.     Whether Defendants failed to pay Plaintiffs and the Collective Action Members overtime compensation for all hours worked in

excess of forty (40) hours per workweek, in violation of the FLSA and the regulations promulgated thereunder;

e.   Whether Defendants' violations of the FLSA are willful as that terms is used within the context of the FLSA; and,

f.   Whether Defendants are liable for all damages claimed hereunder, including but not limited to compensatory, liquidated and statutory damages, interest, attorneys' fees, and costs and disbursements.

69.   Plaintiffs know of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a collective action.

70.   Plaintiffs and others similarly situated have been substantially damaged by the Defendants' wrongful conduct.

## CLASS ACTION ALLEGATIONS

71.   Plaintiffs sue on their own behalf and on behalf of a class of persons under Rules 23(a), (b)(2), and (b)(3) of the Federal Rules of Civil Procedure.

72.   Plaintiffs bring their New York Labor Law claims on behalf of all persons who were employed by Defendants at any time since June 6, 2013 (the "Class Period") who were non-exempt employees within the meaning of the New York Labor Law and have not been paid statutory overtime compensation or "spread of hour" premiums in violation of the New York Labor Law (the "Class").

73.   Upon information and belief, the persons in the Class identified herein are so numerous that joinder of all members is impracticable. Although the identity and precise number of such persons is unknown, and the facts upon which the calculation of that number may be ascertained are presently within the sole control of the Defendants,

14

the Class consists of all non-managerial current and former employees and, therefore, is so numerous that joinder is impracticable and most of whom would not be likely to file individual suits because they lack financial resources, access to attorneys, or knowledge of their claims.

74.     The claims of Plaintiffs are typical of the claims of the Class, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation, where individuals lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant.

75.     Defendants have acted on grounds generally applicable to the Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

76.     Plaintiffs have committed themselves to pursuing this action and have retained counsel experienced in employment law and class action litigation.

77.     Plaintiffs will fairly and adequately protect the interests of the NY Class members.  Plaintiffs understand that, as class representatives, they assume a fiduciary responsibility to the Class and Collective Action Members to represent their interests fairly and adequately, and that they must consider the interests of the Class and Collective Action Members just as they would represent and consider their own interests, and that they may not favor their own interests over those of the Class or Collective Action Members.

78.     Plaintiffs recognize that any resolution of a class action lawsuit, including any settlement or dismissal thereof, must be in the best interests of the Class and

Collective Action Members. Plaintiffs understand that in order to provide adequate representation, they must remain informed of litigation developments and they understand that they may be called upon to testify in depositions and at trial.

79. Plaintiffs have the same interests in this matter as all other members of the Class and Plaintiffs' claims are typical of the Class.

80. There are questions of law and fact common to the Class which predominate over any questions solely affecting the individual members of the Class, including but not limited to:

> a. Whether Defendants employed Plaintiffs and the Class members within the meaning of the New York Labor Law;
>
> b. Whether Defendants failed to keep true and accurate wage and hour records for all hours worked by Plaintiffs and the Class members;
>
> c. What proof of hours worked is sufficient where the employer fails in its duty to maintain time records;
>
> d. Whether Defendants failed to pay Plaintiffs and the Class members overtime compensation for all hours worked in excess of forty (40) hours per workweek, in violation of the New York Labor Law and the regulations promulgated thereunder;
>
> e. Whether Defendants' violations of the New York Labor Law are willful as that terms is used within the context of the New York Labor Law; and,

f.      Whether Defendants are liable for all damages claimed hereunder,
including but not limited to compensatory, liquidated and statutory
damages, interest, costs, attorneys' fees, and costs and
disbursements.

## STATEMENT OF CLAIM

### COUNT I
### [Violation of the Fair Labor Standards Act]

81.      Plaintiffs re-allege and re-aver each and every allegation and statement
contained in paragraphs "1" through "80" of this Complaint as if fully set forth herein.

82.      At all relevant times, upon information and belief, Defendants were and
continue to be an employer engaged in interstate commerce and/or the production of
goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).
Further, Plaintiffs and the Collective Action Members are covered individuals within the
meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

83.      At all relevant times, Defendants employed Plaintiffs and the Collective
Action Members within the meaning of the FLSA.

84.      Upon information and belief, during each of the three (3) most recent
years relevant to the allegations herein, WHOLESOME FACTORY had gross revenues
in excess of $500,000.

85.      Plaintiffs and the Collective Action Members were entitled to be paid at
the rate of time and one-half for all hours worked in excess of the maximum hours
provided for in the FLSA.

86.     Defendants failed to pay Plaintiffs and the Collective Action Members overtime compensation in the lawful amount for all hours worked in excess of the maximum hours provided for in the FLSA.

87.     At all relevant times, Defendants had, and continue to have a policy and practice of refusing to pay overtime compensation at the statutory rate of time and one-half to Plaintiffs and the Collective Action Members for all hours worked in excess of forty (40) hours per work week, which violated and continues to violate the FLSA, 29 U.S.C. §§ 201 *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

88.     Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by their failure to compensate Plaintiffs and the Collective Action Members at the statutory overtime rate of time and one-half for all hours worked in excess of forty (40) hours per week, when they knew or should have known such was due and that non-payment of overtime compensation would financially injure Plaintiffs and the Collective Action Members.

89.     As a result of Defendants' failure to properly record, report, credit and/or compensate its employees, including Plaintiffs and the Collective Action Members, Defendants have failed to make, keep and preserve records with respect to each of its employees sufficient to determine the wages, hours and other conditions and practices of employment in violation of the FLSA, 29 U.S.A. §§ 201 *et seq.*, including 29 U.S.C. §§ 211(c) and 215(a).

90.     Defendants failed to properly disclose or apprise Plaintiffs and the Collective Action Members of their rights under the FLSA.

91.     As a direct and proximate result of Defendants' violation of the FLSA, Plaintiffs and the Collective Action Members are entitled to liquidated damages pursuant to the FLSA.

92.     Due to the reckless, willful and unlawful acts of Defendants, Plaintiffs and the Collective Action Members suffered damages in an amount not presently ascertainable of unpaid overtime compensation, an equal amount as liquidated damages, and prejudgment interest thereon.

93.     Plaintiffs and the Collective Action Members are entitled to an award of their reasonable attorneys' fees, costs and expenses, pursuant to 29 U.S.C. § 216(b).

## COUNT II
### [Violation of the New York Labor Law]

94.     Plaintiffs re-allege and re-aver each and every allegation and statement contained in paragraphs "1" through "93" of this Complaint as if fully set forth herein.

95.     Defendants employed Plaintiffs and the Class members within the meaning of New York Labor Law §§ 2 and 651.

96.     Defendants knowingly and willfully violated the rights of Plaintiffs and the Class members by failing to pay them overtime compensation at the rate of time and one-half for each hour worked in excess of forty (40) hours in a workweek.

97.     Employers are required to pay a "spread of hours" premium of one (1) additional hour's pay at the statutory minimum hourly wage rate for each day where the spread of hours in an employee's workday exceeds ten (10) hours. New York State Department of Labor Regulations § 146-1.6.

98.     Defendants knowingly and willfully violated the rights of Plaintiffs and the Class members by failing to pay "spread of hour" premiums to Plaintiffs and the

Class members for each day their work shift exceeded ten (10) hours pursuant to New York State Department of Labor Regulations.

99.     Defendants failed to properly disclose or apprise Plaintiffs and the Class members of their rights under the New York Labor Law.

100.    Defendants failed to furnish Plaintiffs and the Class members with a statement with every payment of wages listing gross wages, deductions, and net wages, in contravention of New York Labor Law § 195(3) and New York State Department of Labor Regulations § 146-2.3.

101.    Defendants failed to keep true and accurate records of hours worked by each employee covered by an hourly minimum wage rate, the wages paid to all employees, and other similar information in contravention of New York Labor Law § 661.

102.    Defendants failed to establish, maintain, and preserve for not less than six (6) years payroll records showing the hours worked, gross wages, deductions, and net wages for each employee, in contravention of the New York Labor Law § 194(4), and New York State Department of Labor Regulations § 146-2.1.

103.    Neither at the time of their hiring, nor anytime thereafter, did Defendants notify Plaintiffs and the Class members in writing of their regular and overtime rates of pay and their regularly designated payday, in contravention of New York Labor Law § 195(1).

104.    Due to the Defendants' New York Labor Law violations, Plaintiffs and the Class members are entitled to recover from Defendants their unpaid overtime

compensation, unpaid "spread of hours" premium, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to New York Labor Law §§ 663(1), 198.

105.    Plaintiffs and the Class members are also entitled to liquidated damages pursuant to New York Labor Law § 663(1), as well as statutory and liquidated damages pursuant to the New York State Wage Theft Prevention Act.

## PRAYER FOR RELEIF

**WHEREFORE,** Plaintiffs MISAEL CRUZ SANTOS, JUAN MUNOZ, BRAULIO REYES RAMIREZ, and JOSE PRIEGO, on behalf of themselves and all similarly situated Collective Action Members and Class members, respectfully requests that this Court grant the following relief:

(a)    An award of unpaid overtime compensation due under the FLSA and New York Labor Law;

(b)    An award of unpaid "spread of hour" premiums due under the New York Labor Law;

(c)    An award of liquidated damages as a result of Defendants' failure to pay overtime compensation pursuant to 29 U.S.C. § 216;

(d)    An award of liquidated damages as a result of Defendants' failure to pay overtime compensation and "spread of hours" premium pursuant to the New York Labor Law and the New York State Wage Theft Prevention Act;

(e)    An award of statutory damages pursuant to the New York State Wage Theft Prevention Act;

(f)    An award of prejudgment and post-judgment interest;

(g)     An award of costs and expenses associated with this action, together with

reasonable attorneys' and expert fees; and

(h)     Such other and further relief as this Court determines to be just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand

trial by jury on all issues.

Dated: New York, New York
        June 6, 2019

Respectfully submitted,

CILENTI & COOPER, PLLC
*Attorneys for Plaintiffs*
10 Grand Central
155 East 44th Street – 6th Floor
New York, NY 10017
T. (212) 209-3933
F. (212) 209-7102

By: _____
        Giustino (Justin) Cilenti (GC2321)

## CONSENT TO SUE UNDER
## FAIR LABOR STANDARDS ACT

I, _Miaeel Cruz_, am an employee currently or
formerly employed by _Wholesome Factory_, and/or related
entities. I consent to be a plaintiff in the above-captioned action to collect unpaid wages.

Dated: New York, New York
_4/16_, 2019

## CONSENT TO SUE UNDER
## FAIR LABOR STANDARDS ACT

I, _____Juan Munoz_____, am an employee currently or

formerly employed by _____Wholesome Factory_____, and/or related

entities. I consent to be a plaintiff in the above-captioned action to collect unpaid wages.

Dated: New York, New York
____4/29_____, 2019

**CONSENT TO SUE UNDER**
**FAIR LABOR STANDARDS ACT**

I, _Braulio Reyes_ , am an employee currently or

formerly employed by _Wholesome Factory_ , and/or related

entities. I consent to be a plaintiff in the above-captioned action to collect unpaid wages.

Dated: New York, New York
_4/17_ , 2019

**CONSENT TO SUE UNDER**
**FAIR LABOR STANDARDS ACT**

I, ____Jose   Priego____, am an employee currently or

formerly employed by ____Wholesome   Factory____, and/or related

entities.  I consent to be a plaintiff in the above-captioned action to collect unpaid wages.

Dated: New York, New York
____4/17____, 2019

## NOTICE OF INTENTION TO ENFORCE SHAREHOLDER
## LIABILITY FOR SERVICES RENDERED

TO: Derhim N. Nasser and Ji Min Kim

PLEASE TAKE NOTICE that pursuant to the provisions of Section 630 of the Business Corporation Law of New York, you are hereby notified that Misael Cruz Santos, Juan Munoz, Braulio Reyes Ramirez, and Jose Priego and others similarly situated intend to charge you and hold you personally liable, jointly and severally, as one of the ten largest shareholders of Wholesome Factory Inc. for all debts, wages, and/or salaries due and owing to them as laborers, servants and/or employees of the said corporation for services performed by them for the said corporation within the six (6) years preceding the date of this notice and have expressly authorized the undersigned, as their attorneys, to make this demand on their behalf.

Dated: New York, New York
       June 6, 2019

CILENTI & COOPER, PLLC
*Attorneys for Plaintiff*
10 Grand Central
155 East 44th Street – 6th Floor
New York, New York 10017
T. (212) 209-3933
F. (212) 209-7102

By: _____
       Giustino (Justin) Cilenti